Sedgwick, Ch. J.
[Concurring.]—I agree with Judge Aknoux that such rights as the relator has in the premises, are given and limited by chapter 259, Laws of 1880; that the Board of Health is bound to exercise in a proper manner the power to record births conferred upon it in that statute, and it should have proceeded to hear and determine the application of the petition of Lauterj ung.
I also am of opinion that the statute embraces cases where the birth was before the statute was passed. Whatever the purposes, chief or subordinate of the act, they would be served, by having a supplementary record of births that had not been previously recorded. The particular clause in question has words different from the other contingency of the act. The latter is the *314 case of births that " may have occurred during the temporary absence, etc.” The present case is of births “ which failed to be recorded through neglect.” These words may properly, I think, be held to refer to births before the statute.
The growing density of population in this city; the increasing number of large estates ; the increasing likelihood of claims of descent by branches collateral in families, and of claims of descent from persons dying in Europe leaving property to be inherited or distributed, will probably in the future give rise to litigations, rare, here, at present, although numerous abroad, which must be determined by evidence as to actual •condition of families, pedigree and legitimacy. Our international relations have been and are likely to be, affected by contests as to citizenship, in which the place •of birth is an important and sometimes controlling factor. This conditions of things, and the experience of other countries, as well as the demand for correct statistics, have induced the establishment in this city, of a system of recording births. This system will no doubt involve a furnishing of evidence in particular cases as to the fact of birth. It is impossible to overestimate the advantages of the statute if it be properly administered. If it be not, the results will be injurious. The system is new, and may easily be directed by an appreciation and application of correct principles. The ,creation of the statute, it is meant, shall result in a benefit to the infant for whom the application is to be made. This benefit the Board should regard.
Upon an application, it is» my opinion, that the Board has the power to examine into the facts. This need not be confined to taking testimony from witnesses in presence of the Board, and by direct cross-examination. Testimony may be given, in the shape of affidavits. The parties making or sustaining the ■application may be required to attend before the Board *315 for examination. The lapse of time, between the •alleged birth and the application, may be considered and receive due weight. So much has been said, not with an intention of describing exactly the practice ■that should be followed, but to indicate that although the Board should entertain an application like the present, it also has the duty of making an examination, with a view to a judgment that shall be within the intent and policy of the statute. It is improper to state now what weight of proof calls for the recording, or what condition of the proof, or degree of doubt, or grave suspicion will justify a refusal to record. It is evident that some things must appear to be alleged by •the application, and such things the Board must examine. They are, 1st, the fact of birth ; 2d, in some ■eases, that the parents were actual residents; 3d, in those cases, that the birth occurred while the parents were temporarily absent; or 4th, in other cases that the birth failed to be recorded through the neglect of •the physician, etc.; and 5th, such other facts as have to be alleged in the petition.
The statute says that the Board may in its discretion give a transcript of a record. It is unnecessary to determine what is the duty in this regard. At present there is no record of the births.
I therefore agree with Judge Abnoux that the application should be remitted to the Board, to be heard and determined by it.